# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-7155**                    **September Term, 2023**

**1:23-cv-02592-UNA**

**Filed On:** March 22, 2024

Dmt MacTruong, also known as Dr. Mac
Truong,

    Appellant

  v.

John V. Salierno, Esq., et al.,

    Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Henderson, Millett, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant. <u>See</u> Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed October 11,
2023 be affirmed. The district court properly dismissed the complaint on the ground
that it was frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i); <u>Neitzke v. Williams</u>, 490 U.S.
319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in
law or in fact."). Appellant has not shown any error in the district court's conclusion that
there is no private right of action under the criminal statutes he cited or under the
Uniform Code of Military Justice. <u>See</u> <u>Crosby v. Catret</u>, 308 F. App'x 453, 453 (D.C.
Cir. 2009) (stating that there is no private right of action under 18 U.S.C. § 241); <u>see
also</u> <u>Lee v. United States Agency for Int'l Dev.</u>, 859 F.3d 74, 77-78 (D.C. Cir. 2017)
("[T]he express provision of a criminal penalty . . . in a bare criminal statute, with no
other statutory basis for inferring that a civil cause of action exists, is insufficient to
imply Congress intended to create a concomitant civil remedy.") (cleaned up).
Moreover, appellant has not shown that the court erred in dismissing the complaint with
prejudice. <u>See</u> <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam)
("A dismissal with prejudice is warranted . . . when a trial court determines that the

allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (cleaned up).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
       Michael C. McGrail
       Deputy Clerk